IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE SUE RYMAN,                          )
                                            )
                    Plaintiff,              )
                                            )
        -vs-                                )        Civil Action No.   20-1255
                                            )
KILOLO KIJAKAZI,[1]                         )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
        Defendant.                          )

AMBROSE, Senior District Judge

## OPINION
## AND
## ORDER OF COURT

        Pending before the Court are Plaintiff's Motion for Remand and Defendant's Motion for

Summary Judgment. (ECF Nos. 16 and 19).   Both parties have filed Briefs in Support of their

Motions. (ECF Nos. 17 and 20).   After careful consideration of the submissions of the parties,

and based on my Opinion set forth below, I am denying Plaintiff's Motion for Remand (ECF No.

16) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I.   BACKGROUND

        Plaintiff brought this action for review of the final decision of the Commissioner of Social

Security denying her application for disability insurance benefits pursuant to the Social Security

Act.   Administrative Law Judge ("ALJ"), Tracy Henry, held a hearing on April 2, 2019.   (ECF No.

12-2, pp. 33-68).   On May 20, 2019, the ALJ found that Plaintiff was not disabled under the Act.

(ECF No. 12-2, pp. 16-27).

        Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.   Plaintiff

supplied additional evidence to the Appeals Council for the first time.   On June 26, 2020, the

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

Appeals Council denied Plaintiff's request for review.   (ECF No. 12-2, pp. 2-7).   With regard to

the additional evidence, the Appeals Counsel stated:

> You submitted treatment notes from Somerset Hospital dated May 15, 2019 to May
> 18, 2019 (38 pages). We find this evidence does not show a reasonable probability
> that it would change the outcome of the decision. We did not exhibit this evidence.

(ECF No. 12-2, p. 3).   Thereafter, Plaintiff filed the instant action with this court.   This

new evidence was transmitted to this Court along with the entire record.   (ECF No. 12-2,

pp. 69-106).   The matter is now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in

the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir.

1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such

relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d

900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally,

the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42

U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court

cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of

record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of

fact are supported by substantial evidence, a court is bound by those findings, even if the court

would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.

1999). To determine whether a finding is supported by substantial evidence, however, the district

court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot

engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.   20 C.F.R. §404.1520(a).   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.**     **Post Decision Evidence**

Plaintiff argues that remand is warranted pursuant to Sentence Six of 42 U.S.C. §405(g) so that the decision can be reconsidered along with evidence first submitted to the Appeals Council.   (ECF No. 17).   If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only

when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.   *Matthews v. Apfel,* 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand.   *Id., citing Szubak,* 745 F.2d at 833.

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.   Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted).

In this case, Plaintiff submitted to the Appeals Council, for the first time, treatment notes from a hospitalization at Somerset Hospital dated May 15, 2019 to May 18, 2019.   (ECF No. 12-2, pp.69-106).   The discharge diagnosis was "acute on chronic pancreatitis due to sphincter of Oddi dysfunction."   (ECF No. 12-2, p. 70).   At time of discharge, Plaintiff's pain and nausea was resolved, she had regular bowel movements and was "stable and improved." *Id.*   The notes also reflect that Plaintiff was asked to "follow-up with her gastroenterologist for pancreatectomy as scheduled."   *Id.*   The impression indicated "mild pancreatitis."   *Id.* at 72.

Even though the records were from a date prior to the ALJ's opinion of May 20, 2019, I find this evidence may be new as these records may not have been "available" to Plaintiff for

submission prior to the ALJ's opinion. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time).

At issue, therefore, is whether the records were material and whether good cause is shown.   As set forth above, the "materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination.   *Szubak,* 745 F.2d at 833.   Plaintiff suggests that because the ALJ did not acknowledge her "need" for a future surgery and the ALJ's improper characterization of Plaintiff's daily diarrhea, the new evidence is material.   (ECF No. 17, pp. 25-26).   Upon review, I disagree.

The hospital records at issue indicate "mild pancreatitis," regular bowel movements, and that Plaintiff was "stable and improved." (ECF No. 12-2, pp. 69-70).   She was back to her "baseline." *Id.* at 69.   The ALJ recognized Plaintiff's pancreatitis and IBS were severe impairments and accounted for them in the RFC. (ECF No. 12-2, pp. 16-27).   To that end, I find these records are cumulative of Plaintiff's functional limitations found by the ALJ.   Therefore, I do not find the records would have changed the outcome of the ALJ's opinion and are not material.

As to Plaintiff's argument that the ALJ did not acknowledge her "need" for a future surgery, I find such argument unpersuasive.   "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak,* 745 F.2d at 833.   This is a future matter that would take place after the relevant period.   In other words, it would not relate to the time-period at issue.   Thus, Plaintiff's proffered evidence - the reference in the records about a future need for surgical pancreatectomy - is indicative of no more than the possibility of a "subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan,* 888 F.2d 1463, 1471–1472 (5th Cir.1989) (quoting

*Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)); *Szubak,* 745 F.2d at 833.   Consequently, I find that the post-decision evidence is not material.

As a result, remand under Sentence Six is not warranted.

**C.**    **Defendant's Motion for Summary Judgment**[2]

Defendant asserts that substantial evidence supports the ALJ's finding that Plaintiff was not disabled.   (ECF No. 20).   After a careful review of the evidence and applying the standard set forth above, I agree.

An appropriate order shall follow.

---

[2]Despite the opportunity to raise any and all issues on appeal, Plaintiff does not put forth any other arguments than those previously discussed.   *See,* ECF No. 17.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MELANIE SUE RYMAN,                    )
                                      )
                    Plaintiff,        )
                                      )
        -vs-                          )        Civil Action No.   20-1255
                                      )
KILOLO KIJAKAZI,[3]                   )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
        Defendant.                    )

AMBROSE, Senior District Judge


## ORDER OF COURT

THEREFORE, this 2nd day of August, 2021, it is ordered that Plaintiff's Motion for Remand

(ECF No. 17) is denied and Defendant's Motion for Summary Judgment (ECF No. 19) is granted.


BY THE COURT:

_Donetta F. Ambrose_

_____
Donetta W. Ambrose
United States Senior District Judge


_____

[3]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.